UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>AUSTAL LIMITED AND AUSTAL USA, LLC,<br><br>Defendants. | Civil Action File No. |

**CONSENT OF DEFENDANT AUSTAL LIMITED**

1.  Defendant Austal Limited ("Defendant") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.  Defendant's wholly owned subsidiary, Austal USA, LLC, has entered into a written agreement to plead guilty to criminal conduct relating to certain matters alleged in the complaint in this action. Specifically, in *United States v. Austal USA, LLC*, Crim. No. ____ (S.D. Ala.), Austal USA, LLC agreed to plead guilty to violations of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Exchange Act Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5, and 18 U.S.C. § 1516. Defendant is a signatory to the written agreement, under which it agreed to abide by certain cooperation, compliance, and disclosure obligations.

3.  Without admitting or denying the allegations of the complaint (except as provided in paragraph 11 and except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final Judgment in the form attached hereto

1

(the "Final Judgment") and incorporated by reference herein, which, among other things, permanently restrains and enjoins Defendant from violating Section 10(b) of the Exchange Act and Rule 10b-5 thereunder by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement concerning:

      (A)    Defendant's and/or any parent or subsidiary's financial results;

      (B)    Defendant's and/or any parent or subsidiary's financial statements, or any part thereof; or

      (C)    Defendant's and/or any parent or subsidiary's financial or performance metrics.

4. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7. Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8. Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9. Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that it shall not be permitted to contest the factual allegations of the complaint in this action.

11. Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant

or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings" and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant does not deny the allegations; and (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

13. In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Defendant (i) agrees to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoints Defendant's undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Defendant's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction over Defendant in any United States District Court for purposes of enforcing any such subpoena.

14. Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

15. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 1 August 2024

Austal Limited

By: _____
John Rothwell
Non-executive Director of Austal Limited
Austal Limited
100 Clarence Beach Road
Henderson, Western Australia, 6166, Australia

On 1 August 2024, 2024, John Rothwell, a person known to me, personally appeared before me, and acknowledged executing the foregoing Consent with full authority to do so on behalf of Austal Limited as its Non-executive Director of Austal Limited.

_____
Notary Public
Commission expires: with life.

Michael Joseph Piu
General Public Notary & Legal Practitioner
Western Australia
Suite 10B, 16 Phillimore St., Fremantle, WA
perthnotary.com

Approved as to form:

_____
Ike Adams
Sidley Austin LLP

Attorney for Defendant

6

15. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated:_____  Austal Limited

By: _____
John Rothwell
Non-executive Director of Austal Limited
Austal Limited
100 Clarence Beach Road
Henderson, Western Australia, 6166, Australia

On _____, 2024, John Rothwell, a person known to me, personally appeared before me, and acknowledged executing the foregoing Consent with full authority to do so on behalf of Austal Limited as its Non-executive Director of Austal Limited.

_____
Notary Public
Commission expires:

Approved as to form:

*[signature]*
Ike Adams
Sidley Austin LLP

Attorney for Defendant